# EXHIBIT B

Filing # 192361379 E-Filed 02/20/2024 04:46:48 PM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SIXTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PINELLAS</u>   COUNTY, FLORIDA

<u>Jonathan Wright</u>
Plaintiff

vs.

<u>Equifax Information Services, LLC</u>
Defendant

Case # _____

Judge _____

## II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☒  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

## III.    TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☒ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.	REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.	NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  2

**VI.	IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.	HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.	IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.	DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Fethullah Gulen      Fla. Bar # 1045392
      Attorney or party          (Bar # if attorney)

Fethullah Gulen          02/21/2024
  (type or print name)        Date

**IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PINELLAS COUNTY, FLORIDA**
**SMALL CLAIMS DIVISION**

JONATHAN WRIGHT,

     *Plaintiff*,

     v.

**EQUIFAX INFORMATION**
**SERVICES, LLC,**

     *Defendant*.

Case No:      _____

Ad damnum: $1000 + attorneys' fees and costs

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Jonathan Wright**, ("**Mr. Wright**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Equifax Information Services, LLC** ("**Equifax**"), stating as follows:

## PRELIMINARY STATEMENT

1.     This is an action for damages not to exceed $8,000, exclusive of attorney's fees and costs, brought by Mr. Wright against Equifax for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA").

## JURISDICTION AND VENUE

2.     Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and § 34.01, Florida Statutes.

3.     Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court pursuant to § 48.193, Florida Statutes.

4.     Venue is proper in Pinellas County, Florida, pursuant to § 47.051, Florida Statutes, because the acts complained of were committed and / or caused by the Defendant within Pinellas County.

***ELECTRONICALLY FILED 02/21/2024 09:20:32 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

## PARTIES

5.      Mr. Wright is a natural person residing in St. Petersburg, Pinellas County, Florida.

6.      Mr. Wright is a *Consumer* as defined by 15 U.S.C. § 1681a(c).

7.      Equifax is a Georgia corporation, with a primary business address of 1550 Peachtree Street NW, Atlanta, GA 30309.

8.      Equifax is registered to conduct business in the State of Florida, where its Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

9.      Equifax is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet.  As a CRA, Equifax is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### Mr. Wright's February 2024 Consumer Disclosure

10.     On or about February 14, 2024, Mr. Wright requested and obtained a copy of his consumer credit disclosure from Equifax.

11.     Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. Wright's request, Equifax was required to "clearly and accurately" disclose all information in Mr. Wright's file at the time of his request, with the limited exception that his Social Security number could be truncated upon request.

### Equifax's Disclosure Was Not Complete, Clear, or Accurate

### Missing Original Creditor

12.     Despite a requirement to disclose all information in his credit file at the time of his request, Equifax's Disclosure omitted significant amounts of information contained in Mr. Wright's credit file.

13.     Equifax's Disclosure indicated that Mr. Wright's file contained an account classified as "Other."  **SEE PLAINTIFF'S EXHIBIT A.**

14.     Equifax's Disclosure stated: "Other accounts are those that are not already identified as Revolving, Mortgage, or Installment Accounts such as child support obligations or rental agreements." *Id.*

15.     The account appearing in the "Other" section was reported to Equifax by LVNV Funding LLC ("LVNV").

16.     LVNV is a *Debt Buyer* – a company whose primary purpose is the purchase and collection of debts which were originally owed to third parties.

17.     As LVNV does not lend to consumers, it is *never an Original Creditor*.

18.     Despite this, when disclosing the LVNV tradelines to Mr. Wright, Equifax indicated that LVNV was the original creditor of the account, omitting any reference to the true original creditor.

19.     Despite being required to provide a full and complete disclosure of the information contained within its records, per 15 U.S.C. § 1681g(a), under the "Account Details" section of the account, Equifax placed a notation, "Contact the creditor or lender if you have any questions about it." *Id.*

20.     Equifax thus shifted the burden of disclosure and inquiry away from itself, and onto Mr. Wright.

<u>**Missing Account Numbers**</u>

21.     Making matters even more confusing for Mr. Wright, Equifax omitted all but the last four digits of the account number relating to the LVNV tradeline.

22.     LVNV reported the full account number to Equifax, and this information was contained within Equifax's file regarding Mr. Wright at the time of his request.

23.     When Equifax produces and sells reports regarding Mr. Wright to third parties, the full account numbers and names of the original creditors are included in its reports.

24.     The accuracy of Equifax's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as the contents of its files.

25.     Having a duty to disclose ***all of the information*** regarding the accounts in Mr. Wright's file, Equifax breached its duty by failing to provide the account number and original creditor's name, as such information is necessary for a consumer to be able to research and evaluate the information contained in his credit file.

26.     Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

27.     Equifax's disclosure contains a section entitled "Collections," stating: "Collections are accounts with outstanding debt that have been placed by a creditor with a collection agency. Collections stay on your credit report for up to 7 years from the date the account first became past due.  They generally have a negative impact on your credit score."

28.     LVNV is registered with the Florida Office of Financial Regulation as Consumer Collection Agency.

29.     Thus, Equifax should have placed this tradeline under the "Collections" header of Mr. Wright's Disclosure, rather than the "Other" header.

30.     In addition to missing the full account number for the account listed under "Other Accounts," Equifax disclosed a significant number of accounts reported by other data furnishers without full account numbers.

31.     Under the heading *Revolving Accounts*, Equifax disclosed 12 tradelines without full account numbers.

32.     Under the heading *Mortgage Accounts*, Equifax disclosed 1 tradeline without full account numbers.

33.     Under the heading *Installment Accounts*, Equifax disclosed 14 tradelines without full account numbers.

34.     The data furnishers for these tradelines reported full account numbers to Equifax, and this information was contained within Equifax's file on Mr. Wright at the time of his request for his consumer disclosure.

35.     The failure to disclose full account numbers violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. *See Washington v. Equifax*, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

36.     The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See*, *e.g*., *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

37.     The lack of accurate, full account numbers caused Mr. Wright great frustration and emotional distress when trying to understand his credit report and verify it against his own records.

38.     Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." **SEE PLAINTIFF'S EXHIBIT B.**

39.     Equifax's omission of the original creditor and full account numbers greatly decreases a consumer's ability to understand his consumer credit disclosure, identify the accounts, and compare those accounts with his own records.

40.     The *Credit Reporting Resource Guide*, published by the Consumer Data Industry Association ("**CDIA**"), a trade association representing the CRAs, including Equifax, states that:

> "**The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports**. Without the original creditor names, consumers may not know what the accounts represent." (**Emphasis original**.)

**SEE PLAINTIFF'S EXHIBIT C.**

41.     The *Credit Reporting Resource Guide* instructs debt collectors to "(r)eport the name of the company/creditor that originally opened the account for the consumer." *Id.*

42.     On information and belief, LVNV complied with the *Credit Reporting Resource Guide* and reported the name of the true original creditor of its reported account.

### Prevalence of Equifax's Errors

43.     On information and belief, Equifax's Disclosure to Mr. Wright was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

44.     On information and belief, this same template is used virtually *every time* a consumer requests their file from Equifax through www.annualcreditreport.com.

45.     On information and belief, www.annualcreditreport.com is the location where the majority of consumers obtain their Equifax credit disclosure.

46.     Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number and missing original creditor name errors.

47.     Thus, *every* consumer with accounts appearing in the "Other" section of their disclosure who requested their disclosure from Equifax through www.annualcreditreport.com since the template's use began, received a consumer disclosure with the same errors as Mr. Wright.

48.     Equifax's error has therefore likely affected thousands of consumers.

49.     Equifax has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected. *See*, *e.g.*, *Justin Purdy vs. Equifax Information Services LLC,* case 8:19-cv-00217, M.D. FL, Jan. 28, 2019.

50.     Equifax's knowing and repeated conduct warrants an award of ***punitive damages***.

51.     Equifax's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

52.     Mr. Wright has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

53.     Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Mr. Wright deprived him of this right.

54.     Mr. Wright has hired the undersigned law firm to represent him in this matter and has assigned them his right to obtain reimbursement for his reasonable fees and costs.

## COUNT I
## EQUIFAX'S WILLFUL VIOLATIONS OF THE FCRA

55.     Mr. Wright adopts and incorporates paragraphs 1 - 54 as if fully stated herein.

56.     Equifax violated **15 U.S.C. § 1681g(a)(1)** when responding to Mr. Wright's request for his consumer disclosure by failing to clearly and accurately disclose to Mr. Wright, a *Consumer*, all of the information in his file at the time of the request. Specifically, Equifax disclosed one account reported by LVNV without disclosing the full account number or the name of the *Original Creditor*, as well as 27 additional accounts without the full account numbers, even though full account numbers were reported by the data furnishers.

57.     Equifax knowingly provided inaccurate information in Mr. Wright's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

58.     Equifax is therefore liable to Mr. Wright, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of up to $1,000 per violation, plus attorneys' fees and costs.

**WHEREFORE,** Mr. Wright respectfully requests that the Honorable Court enter judgment against Equifax for:

a.   The greater of statutory damages of **$1,000** per incident and Mr. Wright's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.   Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.   Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.   Such other relief that this Court deems just and proper.

## COUNT II
## EQUIFAX'S NEGLIGENT VIOLATIONS OF THE FCRA

59.   Mr. Wright adopts and incorporates paragraphs 1 - 54 as if fully stated herein.

60.   Equifax violated **15 U.S.C. § 1681g(a)(1)** when responding to Mr. Wright's request for his consumer disclosure by failing to clearly and accurately disclose to Mr. Wright, a *Consumer*, all of the information in his file at the time of the request. Specifically, Equifax disclosed one account reported by LVNV without disclosing the full account number or the name of the *Original Creditor*, as well as 27 additional accounts without the full account numbers, even though full account numbers were reported by the data furnishers.

61.   Equifax has a legal duty to provide consumers with a clear and accurate disclosure of all information within its file at the time of the consumer's request.

62.   Equifax breached this duty when Equifax disclosed one account reported by LVNV without disclosing the full account number or the name of the *Original Creditor*, as well as 27 additional accounts without the full account numbers, even though full account numbers were reported by the data furnishers.

63.     Equifax is therefore liable to Mr. Wright, pursuant to 15 U.S.C. § 1681o, for Mr. Wright's actual damages, plus attorneys' fees and costs.

**WHEREFORE**, Mr. Wright respectfully requests that the Honorable Court enter judgment against Equifax for:

a.      Mr. Wright's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.      Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.      Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Wright demands a jury trial on all issues so triable.


Respectfully submitted on February 20, 2024, by:

> **SERAPH LEGAL, P. A.**
>
> /s/ *Fethullah Gulen*
> Fethullah Gulen, Esq. (lead counsel)
> Florida Bar No.: 1045392
> FGulen@seraphlegal.com
> 2124 W. Kennedy Blvd., Ste. A
> Tampa, FL 33606
> Tel: 813-567-1230
> Fax: 855-500-0705
> *Attorneys for Plaintiff*


## ATTACHED EXHIBIT LIST

A.      Mr. Wright's Equifax Consumer Disclosure, February 14, 2024, Other Accounts.
B.      FTC Opinion Letter.
C.      *Credit Reporting Resource Guide*, Original Creditor Name Excerpt.

# EXHIBIT A
## Plaintiff's Equifax Consumer Disclosure, February 14, 2024, Other Accounts

## 5. Other Accounts

Other accounts are those that are not already identified as Revolving, Mortgage or Installment Accounts such as child support obligations or rental agreements.

### 5.1 LVNV FUNDING LLC (CLOSED)

#### Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| Account Number | xxxxxxxxxxxxx 9046 | Reported Balance | |
|---|---|---|---|
| Account Status | COLLECTION | Available Credit | |

#### Account History

The tables below show up to 3 years of the monthly balance, available credit, scheduled payment, date of last payment, high credit, credit limit, amount past due, activity designator, and comments.

#### Balance

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022 | | | | | | | | | | | | |
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |

#### Available Credit

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022 | | | | | | | | | | | | |
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |

#### Scheduled Payment

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022 | | | | | | | | | | | | |
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |

# EXHIBIT A
## Plaintiff's Equifax Consumer Disclosure, February 14, 2024, Other Accounts



| | | | |
|---|---|---|---|
| 2022 | | | |
| 2023 | | | |
| 2024 | | | |

**Payment History**

You currently do not have any Payment History in your file.

**Account Details**

EQUIFAX    JOHNATHAN WRIGHT | Feb 14, 2024    Page 82 of 94

Summary  Revolving  Mortgage  Installment  **Other**  Statements  Personal Info  Inquiries  Public Records  Collections

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| High Credit | ⬤ | Owner | INDIVIDUAL |
|---|---|---|---|
| Credit Limit | | Account Type | ⬤ |
| Terms Frequency | ⬤ | Term Duration | ⬤ |
| Balance | ⬤ | Date Opened | ⬤ |
| Amount Past Due | ⬤ | Date Reported | ⬤ |
| Actual Payment Amount | | Date of Last Payment | |
| Date of Last Activity | | Scheduled Payment Amount | |
| Months Reviewed | ⬤ | Delinquency First Reported | ⬤ |
| Activity Designator | | Creditor Classification | |
| Deferred Payment Start Date | | Charge Off Amount | |
| Balloon Payment Date | | Balloon Payment Amount | |
| Loan Type | Debt Buyer Account | Date Closed | |
| Date of First Delinquency | ⬤ | | |

**Comments**

Collection account

**Contact**

LVNV FUNDING LLC
55 BEATTIE PLACE
GREENVILLE, SC  29601
1-866-464-1183

**EXHIBIT B**
**FTC Opinion Letter**



## Advisory Opinion to Darcy (06-30-00)

June 30, 2000

Denise A. Darcy, Esq.
Asst. General Counsel
TRANS UNION
555 West Adams Street
Chicago, Illinois 60661

Dear Ms. Darcy:

This responds to your letter dated concerning whether the Fair Credit Reporting Act ("FCRA") allows Trans Union or another consumer reporting agency ("CRA"), for security purposes, to "truncate, scramble or mask the account number and social security number" when making file disclosures to consumers. You report that such a procedure has been recommended to you by a consumer who was recently the victim of account takeover fraud by a perpetrator who fraudulently procured the individual's Trans Union file by impersonating the consumer. You state: "While some creditors truncate or scramble the data before they supply it to us, not all do; therefore, many of the account numbers on our file are complete and accurate, and that is what we disclose to the consumer."

Section 609(a)(1) of the FCRA states that CRAs, including major credit bureaus such as Trans Union, "shall, upon request (by a consumer), clearly and accurately disclose to the consumer . . . *All information* in the consumer's file at the time of the request" (emphasis added). If the "information in the consumer's file at the time of the request" includes account and social security numbers, the provision thus normally requires that the CRA "clearly and accurately" include such items in its disclosure to consumers. However, because the trigger for a file disclosure is a "request" by a consumer, a CRA may allow consumers (such as the individual in your letter) to choose truncation or other security measures in their own file disclosure. In other words, although Section 609 provides consumers with a right to *all information* in the file, a CRA may provide a method for the consumer to ask for less than all information and then comply with that "request" when it makes the disclosure.

In sum, it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide "accurate" (and perhaps not "clear") disclosure of "all information" in the file. However, if a consumer's "request" for a file disclosure is framed so as to allow some items in the file to be abbreviated or revised in that fashion, a CRA making such a disclosure would comply with Section 609.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

## EXHIBIT C
### *Credit Reporting Resource Guide*, Original Creditor Name Excerpt

## Field Definitions

## K1 Segment
## Original Creditor Name

The K1 Segment must be present each time the account is reported by collection agencies, debt buyers, check guarantee companies, student loan guaranty agencies, and the U.S. Department of Education. **The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent.

Some state laws and CDIA policy stipulate that the original client/creditor must be identified. Federal law stipulates that the name of the payee must be identified when reporting returned checks.

Only one occurrence of the K1 Segment can be appended to the Base Segment. If not applicable, do not report the K1 Segment.

| FIELD | FIELD NAME & DESCRIPTION | 366 and 426 FORMATS | | |
| --- | --- | --- | --- | --- |
| | | Length | Position | Recording Technique |
| 1 | **Segment Identifier** <br> Contains a constant of **K1**. | 2 | 1-2 | AN |
| 2 | **Original Creditor Name** <br> The content of this field is dependent on the type of reporter. <br><br> Collection Agencies: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been turned over to multiple collection agencies. <br><br> Debt Buyers: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been sold multiple times to different debt buyers. Refer to the K2 Segment for "purchased from" information. <br><br> Companies Reporting Returned Checks: Report the name of the payee; i.e., name of company to which the check was written. Refer to Frequently Asked Question 16 for additional guidelines on reporting returned checks. <br><br> Student Loan Guarantors/U.S. Department of Education: Report the name of the original student loan lender. <br><br> One of the following three options should be used when reporting a creditor's name that would reveal sensitive information about the consumer. <br><br> 1. Report the name of the institution, but do not include reference to the type of service. For example, use the hospital name without identifying that it was the psychiatric unit that provided care. If a hospital's name reveals sensitive information, abbreviate the name. <br><br> 2. Use the corporate name if it is different from the commercial name of a mental institution or drug rehabilitation center. <br><br> 3. Do not report the account if either of the above two options would not sufficiently protect the consumer's privacy. <br><br> **Note: Encoded information is not acceptable in this field.** | 30 | 3-32 | AN |

Case Number:24-001478-SC
Filing # 192361579 E-Filed 02/20/2024 04:46:48 PM

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL
CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
COUNTY CIVIL DIVISION

Jonathan Wright
Plaintiff(s)

vs.

Equifax Information Services, LLC
Defendant(s)

CASE NO.:_____

DIVISION: Tampa

REQUEST FOR ISSUANCE OF SUMMONS – COUNTY CIVIL

This is a request for issuance of service of process by the Clerk of Court as follows:

*PLEASE NOTE THAT A SEPARATE REQUEST
IS REQUIRED FOR EACH PARTY TO BE SERVED*

| Type of Process: (choose one) | | |
|---|---|---|
| ☑ Initial Summons | ☐ Alias Summons | ☐ Pluries Summons |

| Type of Summons: (choose one) | |
|---|---|
| ☐ County Court - indicate days to respond ☐ 20 ☐ 30 ☐ 45 ☐ 60 ☐ other_____ | ☑ Small Claims-Notice to Appear for Pre-Trial Conference |

| Party Information: |
|---|
| Party to be served: Equifax Information Services, LLC |
| Party Street Address: 1201 Hays St. |
| Party City State Zip: Tallahassee, FL 32301 |
| Email Address to Return Issued Summons: fgulen@seraphlegal.com |

***ELECTRONICALLY FILED 02/21/2024 09:20:32 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

## RETURN OF SERVICE

State of Florida          County of PINELLAS          COUNTY Court

Case Number: 24-001478-SC   Court Date: 3/20/2024  10:15 am

Plaintiffs:
**JONATHAN WRIGHT**

vs.

Defendant:
**EQUIFAX INFORMATION SERVICES LLC**

For:
FETHULLAH GULEN
SERAPH LEGAL, P.A.
2124 W. KENNEDY BLVD., SUITE A
TAMPA, FL 33606

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of February, 2024 at 11:39 am to be served on **EQUIFAX INFORMATION SERVICES LLC C/O CORPORATION AS REGISTERED AGENT, 1201 HAYS STREET, TALLAHASSEE, FL 32301.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **26th day of February, 2024 at 8:40 am, I:**

**CORPORATE / LLC:** served by delivering a true copy of the **SUMMONS/NOTICE TO APPEAR REMOTELY FOR RE-TRIAL CONFERENCE COMPLAINT AND DEMAND FOR JURY TRIAL; PRELIMINARY STATEMENT; JURISDICTION AND VENUE; FACTUAL ALLEGATIONS; DEMAND FOR JURY TRIAL; EXHIBIT A** with the date and hour of service endorsed thereon by me, to: **DENNIS RATCLIFFE** as **AUTHORIZED REPRESENTATIVE** for the Registered Agent of EQUIFAX INFORMATION SERVICES LLC C/O CORPORATION AS REGISTERED AGENT at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 30+, Sex: M, Race/Skin Color: WHITE, Height: 6'0", Weight: 180, Hair: BLACK, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2024002899

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2t

# COUNTY COURT, PINELLAS COUNTY, FLORIDA
## SMALL CLAIMS DIVISION

(727) 464-7000 - www.mypinellasclerk.org
### REF: 24-001478-SC - South

JONATHAN WRIGHT Vs.  EQUIFAX INFORMATION
SERVICES LLC

*Date:* 2/26/24 *Time:* 8:40A
MCN #111

TO : DEFENDANT/DEFENDANT ATTORNEY
EQUIFAX INFORMATION SERVICES LLC
1201 HAYS ST
TALLAHASSEE, FL 32301

is a certified process server in the
Circuit and County Courts in and for the
Second Judicial Circuit

### SUMMONS/NOTICE TO APPEAR REMOTELY FOR PRE-TRIAL CONFERENCE

THE STATE OF FLORIDA :

NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

YOU ARE HEREBY NOTIFIED that you are required to appear via the Zoom platform on **Wednesday,
March 20, 2024 at 10:15 AM.** for a PRE-TRIAL CONFERENCE before a judge of the court.

**To attend this meeting by video go to:**           **If you are unable to appear by video, call:**
https://www.zoom.us/join                              1 786 635 1003  or  1 470 250 9358
**Meeting ID: 998 7046 7093  Passcode: 214988**
**Instructions for Zoom hearings:**

- The Court has multiple hearings scheduled at this time. Join the Zoom meeting promptly at the designated time and wait to be
admitted into the hearing.
- If you are using the video conferencing, be sure your profile name is your first and last name. If this is not your default, you  will
have the option to change it after you join the meeting.
- Although the hearing is conducted virtually, proper decorum should be maintained. Appropriate attire is required of all
participants. Participants should be in a quiet setting and minimize any external distractions.
- Mute your microphone when you are not required to speak.

### IMPORTANT - READ CAREFULLY
THIS CASE WILL NOT BE TRIED AT THAT TIME.
DO NOT BRING WITNESSES - APPEAR VIA ZOOM

The defendant(s) ***must*** appear via zoom on the date specified in order to avoid a default judgment. The Plaintiff(s)
***must*** appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court
by the plaintiff(s) or defendants(s) shall not excuse the personal appearance of a party or its attorney in the pre-trial
conference. The date and time of the PRE-TRIAL CONFERENCE CANNOT be rescheduled without good cause and
prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by
any principal of the business entity who has legal authority to bind the business entity or any employee authorized in
writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or
partner of the business entity. Written authorization must be brought to the Pre-Trial Conference.

Small Claims Deft Pre-Trial Notice            Page 1 of 2

Upon service of this summons/notice, if you are unrepresented, please complete a Designation of E-Mail Address for Party Not Represented by an Attorney form and file it with the Clerk of Court. This form may be found on www.mypinellasclerk.org/Forms and may be filed electronically via the Florida Courts E-Filing Portal at www.myflcourtaccess.com or by mail or hand-delivery to an office of the Clerk of Court.

The purpose of the pre-trial is to record your appearance, to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pre-trial conference.

You may be ordered to mediate at the pre-trial conference. Mediation means "A process whereby a neutral third person called a Mediator acts to encourage and facilitate the resolution of the dispute between two or more parties. It is an informal process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement." You or your attorney must have full authority to settle without further consultation at pre-trial mediation.

You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment, execution, or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court seven days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's (s') attorney, if any.

A copy of the statement of claim shall be served with the original, alias and pluries summons.

Dated at Clearwater, Florida on 23 February, 2024.

KEN BURKE, CPA
CLERK OF THE CIRCUIT COURT
& COMPTROLLER

Small Claims Deft Pre-Trial Notice                    Page 2 of 2

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Human Rights Office, 400 S. Ft. Harrison Ave., Ste. 300, Clearwater, FL 33756, (727) 464-4062 (V/TDD) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## COUNTY COURT, PINELLAS COUNTY, FLORIDA
## SMALL CLAIMS DIVISION

(727) 464-7000 - www.mypinellasclerk.org
**REF: 24-001478-SC - South**

JONATHAN WRIGHT Vs.  EQUIFAX INFORMATION
SERVICES LLC

TO : PLAINTIFF/PLAINTIFF ATTORNEY
   FETHULLAH GULEN
   2124 W KENNEDY BLVD SUITE A
   TAMPA, FL 33606

### SUMMONS/NOTICE TO APPEAR <u>REMOTELY</u> FOR PRE-TRIAL CONFERENCE

THE STATE OF FLORIDA :

NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

YOU ARE HEREBY NOTIFIED that you are required to appear via the Zoom platform on **Wednesday, March 20, 2024 at 10:15 AM.** for a PRE-TRIAL CONFERENCE before a judge of the court.

**To attend this meeting by video go to:**      **If you are unable to appear by video, call:**
    https://www.zoom.us/join        1 786 635 1003  or  1 470 250 9358
**Meeting ID: 998 7046 7093  Passcode: 214988**
Instructions for Zoom hearings:

- The Court has multiple hearings scheduled at this time. Join the Zoom meeting promptly at the designated time and wait to be admitted into the hearing.
- If you are using the video conferencing, be sure your profile name is your first and last name. If this is not your default, you  will have the option to change it after you join the meeting.
- Although the hearing is conducted virtually, proper decorum should be maintained. Appropriate attire is required of all participants. Participants should be in a quiet setting and minimize any external distractions.
- Mute your microphone when you are not required to speak.

### <u>IMPORTANT - READ CAREFULLY</u>
THIS CASE WILL NOT BE TRIED AT THAT TIME.
DO NOT BRING WITNESSES - APPEAR VIA ZOOM

   The defendant(s) ***must*** appear via zoom on the date specified in order to avoid a default judgment. The Plaintiff(s) ***must*** appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or defendants(s) shall not excuse the personal appearance of a party or its attorney in the pre-trial conference. The date and time of the PRE-TRIAL CONFERENCE CANNOT be rescheduled without good cause and prior court approval.

   Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pre-Trial Conference.

Plaintiff/Attorney Notice              Page 1 of 2

Upon service of this summons/notice, if you are unrepresented, please complete a Designation of E-Mail Address for Party Not Represented by an Attorney form and file it with the Clerk of Court. This form may be found on www.mypinellasclerk.org/Forms and may be filed electronically via the Florida Courts E-Filing Portal at www.myflcourtaccess.com or by mail or hand-delivery to an office of the Clerk of Court.

The purpose of the pre-trial is to record your appearance, to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pre-trial conference.

You may be ordered to mediate at the pre-trial conference. Mediation means "A process whereby a neutral third person called a Mediator acts to encourage and facilitate the resolution of the dispute between two or more parties. It is an informal process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement." You or your attorney must have full authority to settle without further consultation at pre-trial mediation.

You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment, execution, or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court seven days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's (s') attorney, if any.

A copy of the statement of claim shall be served with the original, alias and pluries summons.

Dated at Clearwater, Florida on 23 February, 2024.

**KEN BURKE
CLERK OF THE CIRCUIT COURT**

Plaintiff/Attorney Notice                    Page 2 of 2

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Human Rights Office, 400 S. Ft. Harrison Ave., Ste. 300, Clearwater, FL 33756, (727) 464-4062 (V/TDD) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

# COUNTY COURT, PINELLAS COUNTY, FLORIDA
## SMALL CLAIMS DIVISION

(727) 464-7000 - www.mypinellasclerk.org
### REF: 24-001478-SC - South

JONATHAN WRIGHT Vs.  EQUIFAX INFORMATION
SERVICES LLC

TO : DEFENDANT/DEFENDANT ATTORNEY
  EQUIFAX INFORMATION SERVICES LLC
  1201 HAYS ST
  TALLAHASSEE, FL 32301

### SUMMONS/NOTICE TO APPEAR <u>REMOTELY</u> FOR PRE-TRIAL CONFERENCE

THE STATE OF FLORIDA :

NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

YOU ARE HEREBY NOTIFIED that you are required to appear via the Zoom platform on **Wednesday, March 20, 2024 at 10:15 AM.** for a PRE-TRIAL CONFERENCE before a judge of the court.

**To attend this meeting by video go to:**      **If you are unable to appear by video, call:**
     https://www.zoom.us/join        1 786 635 1003  or  1 470 250 9358
### Meeting ID: 998 7046 7093  Passcode: 214988
**Instructions for Zoom hearings:**
 - The Court has multiple hearings scheduled at this time. Join the Zoom meeting promptly at the designated time and wait to be admitted into the hearing.
-  If you are using the video conferencing, be sure your profile name is your first and last name. If this is not your default, you  will have the option to change it after you join the meeting.
- Although the hearing is conducted virtually, proper decorum should be maintained. Appropriate attire is required of all participants. Participants should be in a quiet setting and minimize any external distractions.
- Mute your microphone when you are not required to speak.

### <u>IMPORTANT - READ CAREFULLY</u>
### THIS CASE WILL NOT BE TRIED AT THAT TIME.
### DO NOT BRING WITNESSES - APPEAR VIA ZOOM

    The defendant(s) **must** appear via zoom on the date specified in order to avoid a default judgment. The Plaintiff(s) **must** appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or defendants(s) shall not excuse the personal appearance of a party or its attorney in the pre-trial conference. The date and time of the PRE-TRIAL CONFERENCE CANNOT be rescheduled without good cause and prior court approval.

    Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pre-Trial Conference.

Upon service of this summons/notice, if you are unrepresented, please complete a Designation of E-Mail Address for Party Not Represented by an Attorney form and file it with the Clerk of Court.  This form may be found on www.mypinellasclerk.org/Forms and may be filed electronically via the Florida Courts E-Filing Portal at www.myflcourtaccess.com or by mail or hand-delivery to an office of the Clerk of Court.

The purpose of the pre-trial is to record your appearance, to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pre-trial conference.

You may be ordered to mediate at the pre-trial conference. Mediation means "A process whereby a neutral third person called a Mediator acts to encourage and facilitate the resolution of the dispute between two or more parties. It is an informal process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement." You or your attorney must have full authority to settle without further consultation at pre-trial mediation.

You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment, execution, or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court seven days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's (s') attorney, if any.

A copy of the statement of claim shall be served with the original, alias and pluries summons.

Dated at Clearwater, Florida on 23 February, 2024.



KEN BURKE, CPA
CLERK OF THE CIRCUIT COURT
& COMPTROLLER

Small Claims Deft Pre-Trial Notice                    Page 2 of 2

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Human Rights Office, 400 S. Ft. Harrison Ave., Ste. 300, Clearwater, FL 33756, (727) 464-4062 (V/TDD) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## COUNTY COURT, PINELLAS COUNTY, FLORIDA
## SMALL CLAIMS DIVISION

(727) 464-7000 - www.mypinellasclerk.org
**REF: 24-001478-SC - South**

JONATHAN WRIGHT Vs. EQUIFAX INFORMATION
SERVICES LLC

TO : DEFENDANT/DEFENDANT ATTORNEY
  EQUIFAX INFORMATION SERVICES LLC
  1201 HAYS ST
  TALLAHASSEE, FL 32301

### SUMMONS/NOTICE TO APPEAR <u>REMOTELY</u> FOR PRE-TRIAL CONFERENCE

THE STATE OF FLORIDA :

NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

YOU ARE HEREBY NOTIFIED that you are required to appear via the Zoom platform on **Wednesday, March 20, 2024 at 10:15 AM.** for a PRE-TRIAL CONFERENCE before a judge of the court.

**To attend this meeting by video go to:**　　**If you are unable to appear by video, call:**
　　https://www.zoom.us/join　　　　1 786 635 1003  or  1 470 250 9358
**Meeting ID: 998 7046 7093  Passcode: 214988**
**Instructions for Zoom hearings:**
 - The Court has multiple hearings scheduled at this time. Join the Zoom meeting promptly at the designated time and wait to be admitted into the hearing.
- If you are using the video conferencing, be sure your profile name is your first and last name. If this is not your default, you will have the option to change it after you join the meeting.
- Although the hearing is conducted virtually, proper decorum should be maintained. Appropriate attire is required of all participants. Participants should be in a quiet setting and minimize any external distractions.
- Mute your microphone when you are not required to speak.

### <u>IMPORTANT - READ CAREFULLY</u>
THIS CASE WILL NOT BE TRIED AT THAT TIME.
DO NOT BRING WITNESSES - APPEAR VIA ZOOM

    The defendant(s) *must* appear via zoom on the date specified in order to avoid a default judgment. The Plaintiff(s) *must* appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or defendants(s) shall not excuse the personal appearance of a party or its attorney in the pre-trial conference. The date and time of the PRE-TRIAL CONFERENCE CANNOT be rescheduled without good cause and prior court approval.

    Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pre-Trial Conference.

Copy 1　　　　　　　　　　　　Page 1 of 2

Upon service of this summons/notice, if you are unrepresented, please complete a Designation of E-Mail Address for Party Not Represented by an Attorney form and file it with the Clerk of Court.  This form may be found on www.mypinellasclerk.org/Forms and may be filed electronically via the Florida Courts E-Filing Portal at www.myflcourtaccess.com or by mail or hand-delivery to an office of the Clerk of Court.

The purpose of the pre-trial is to record your appearance, to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pre-trial conference.

You may be ordered to mediate at the pre-trial conference. Mediation means "A process whereby a neutral third person called a Mediator acts to encourage and facilitate the resolution of the dispute between two or more parties. It is an informal process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement." You or your attorney must have full authority to settle without further consultation at pre-trial mediation.

You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment, execution, or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court seven days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's (s') attorney, if any.

A copy of the statement of claim shall be served with the original, alias and pluries summons.

Dated at Clearwater, Florida on 23 February, 2024.

KEN BURKE
CLERK OF THE CIRCUIT COURT

Copy 1                              Page 2 of 2

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Human Rights Office, 400 S. Ft. Harrison Ave., Ste. 300, Clearwater, FL 33756, (727) 464-4062 (V/TDD) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## COUNTY COURT, PINELLAS COUNTY, FLORIDA
## SMALL CLAIMS DIVISION

(727) 464-7000 - www.mypinellasclerk.org
### REF: 24-001478-SC - South

JONATHAN WRIGHT Vs.  EQUIFAX INFORMATION
SERVICES LLC

TO : DEFENDANT/DEFENDANT ATTORNEY
   EQUIFAX INFORMATION SERVICES LLC
   1201 HAYS ST
   TALLAHASSEE, FL 32301

### SUMMONS/NOTICE TO APPEAR <u>REMOTELY</u> FOR PRE-TRIAL CONFERENCE

THE STATE OF FLORIDA :

NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

YOU ARE HEREBY NOTIFIED that you are required to appear via the Zoom platform on **Wednesday,
March 20, 2024 at 10:15 AM.** for a PRE-TRIAL CONFERENCE before a judge of the court.

**To attend this meeting by video go to:**      **If you are unable to appear by video, call:**
        https://www.zoom.us/join              1 786 635 1003  or  1 470 250 9358
### Meeting ID: 998 7046 7093  Passcode: 214988
#### Instructions for Zoom hearings:
 - The Court has multiple hearings scheduled at this time. Join the Zoom meeting promptly at the designated time and wait to be
admitted into the hearing.
-  If you are using the video conferencing, be sure your profile name is your first and last name. If this is not your default, you  will
have the option to change it after you join the meeting.
- Although the hearing is conducted virtually, proper decorum should be maintained. Appropriate attire is required of all
participants. Participants should be in a quiet setting and minimize any external distractions.
- Mute your microphone when you are not required to speak.

### <u>IMPORTANT - READ CAREFULLY</u>
#### THIS CASE WILL NOT BE TRIED AT THAT TIME.
#### DO NOT BRING WITNESSES - APPEAR VIA ZOOM

    The defendant(s) *must* appear via zoom on the date specified in order to avoid a default judgment. The Plaintiff(s)
*must* appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court
by the plaintiff(s) or defendants(s) shall not excuse the personal appearance of a party or its attorney in the pre-trial
conference. The date and time of the PRE-TRIAL CONFERENCE CANNOT be rescheduled without good cause and
prior court approval.

    Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by
any principal of the business entity who has legal authority to bind the business entity or any employee authorized in
writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or
partner of the business entity. Written authorization must be brought to the Pre-Trial Conference.


Copy 2 for Pltf/Pltf Atty                        Page 1 of 2

Upon service of this summons/notice, if you are unrepresented, please complete a Designation of E-Mail Address for Party Not Represented by an Attorney form and file it with the Clerk of Court.  This form may be found on www.mypinellasclerk.org/Forms and may be filed electronically via the Florida Courts E-Filing Portal at www.myflcourtaccess.com or by mail or hand-delivery to an office of the Clerk of Court.

The purpose of the pre-trial is to record your appearance, to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pre-trial conference.

You may be ordered to mediate at the pre-trial conference. Mediation means "A process whereby a neutral third person called a Mediator acts to encourage and facilitate the resolution of the dispute between two or more parties. It is an informal process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement." You or your attorney must have full authority to settle without further consultation at pre-trial mediation.

You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment, execution, or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court seven days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's (s') attorney, if any.

A copy of the statement of claim shall be served with the original, alias and pluries summons.

Dated at Clearwater, Florida on 23 February, 2024.

Copy 2 for Pltf/Pltf Atty                         Page 2 of 2

**KEN BURKE**
**CLERK OF THE CIRCUIT COURT**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Human Rights Office, 400 S. Ft. Harrison Ave., Ste. 300, Clearwater, FL 33756, (727) 464-4062 (V/TDD) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**